IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 19-05042-01-CR-SW-RK |
| | ) | |
| MAHAMUD TOOXOOW MAHAMED, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS INDICTMENT

Comes now Defendant, Mahamud Mahamed, through counsel and respectfully moves this Court pursuant to Fed. R. Crim. P. 12(b)(3)(B)(iii) and (v) to dismiss the Indictment (District Court Document, "DCD" 2) herein because of defects in the Indictment due its lack of specificity and its failure to state an offense.

### *PROCEDURAL HISTORY AND OFFENSE CHARGED*

1. A one-count Indictment was filed against Mr. Mahamed on August 20, 2019. See DCD 2.

2. This motion is timely pursuant to Fed. R. Crim. P. 12(b)(3) (stating that motions that must be made before trial include motions pursuant to Fed. R. Crim. P. 12(b)(3)(B)(iii)). This motion "can be determined without a trial on the merits." Id.

3. The one count Indictment alleges, in its entirety:

> Beginning on an unknown date, but at least as early as July 16, 2019, through August 8, 2019, said dates being approximate, in McDonald County, and elsewhere in the Western District of Missouri, MAHAMUD TOOXOOW MAHAMED, the defendant, did unlawfully and willfully seize, confine,

1

inveigle, decoy, kidnap, abduct, and hold for ransom, reward, or otherwise, Jane Doe 1, who had not yet attained the age of 18 years, and in committing or in furtherance of the commission of the offense, did willfully transport Jane Doe 1 in interstate or foreign commerce from the state of Missouri to the State of Iowa, all in violation of 18 U.S.C. § 1201(a)(1) and (g).

(DCD 2).

4. Although the Indictment appears at first glance to track the statute charged as the offense, 18 U.S.C. § 1201(a)(1) and (g), it does not do so as to the statute subsections in their entirety[1] or with sufficient specificity. The Indictment also fails to allege all of the elements required by the Eighth Circuit Pattern Jury Instructions for the statute subsection alleged as well:

> 6.18.1201 KIDNAPPING (18 U.S.C. § 1201(A)(1))
> The crime of kidnapping, as charged in [Count _____ of] the indictment, has [four] [or] [five] elements, which are:
>
> One, the defendant, (insert name), unlawfully1 [seized] [confined] [kept] [detained]2 (insert name of person described in the indictment) without [his] [her] consent;
>
> Two, the defendant held (insert name of person described in the indictment) for [specify the defendant's intent, such as: ransom, reward, revenge, sexual gratification, or other reason];

---

[1] 18 U.S. Code § 1201(a)(1) provides: "Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when— (1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense;…." The Indictment does not specify which subsection of 18 U.S. Code § 1201(g) is targeted.

> Three, the defendant voluntarily and intentionally transported (insert name of person described in the indictment) while [he] [she] was [seized] [confined] [kept] [detained]; [and]
>
> Four, the transportation was in [interstate] [foreign] commerce[.]
>
> [; and] [Five, death resulted from the kidnapping.]²

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit (2021 ed.), § 6.18.1201 Kidnapping (18 U.S.C. § 1201(A)(1)), at 376.

5. The Indictment fails to allege lack of consent, which is a required element of the offense. *See supra* (actions taken against the "person described in the indictment) [was] without [his] [her] consent."). See DCD 2. Also of note, the Indictment alleges that the purported victim, "Jane Doe", is someone "who had not yet attained the age of 18 years," thus, was a minor. Pursuant to the charged statute, when the purported victim is a minor, consent is based on the "will" of the "parents or legal guardian" of the minor:

> The victim's lack of consent is necessary to establish the crime of kidnapping because it is the "involuntariness of seizure and detention, which is the very essence" of the offense. *Chatwin v. United States*, 326 U.S. 455, 564 (1946); *United States v. McCabe*, 812 F. 2d 1060, 1061 (8th Cir. 1986). If the victim is of such an age or mental state as to be incapable of having a recognizable will, the confinement then must be against the will of the parents or legal guardian of the victim." Id. (quoting *Chatwin* at 460).

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit (2021 ed.), § 6.18.1201 Kidnapping (18 U.S.C. § 1201(A)(1)), Committee Comments, at 377-378. This element is not alleged in the Indictment. (DCD 2).

---

² Again, there is no subsection as to 18 U.S. Code § 1201(g) identified specifically in the Indictment.

6. The Indictment also fails to acknowledge that the offense charged cannot be brought against the parent of a minor. 18 U.S.C. § 1201(a) provides: "(a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, **except in the case of a minor by the parent thereof**, when… ." The language in the Indictment conspicuously and insufficiently stops at the word otherwise. (DCD 2) (emphasis added).

7. The Committee Comments on the Eighth Circuit Pattern Jury Instructions confirms this element and caveat as to the offense:

> Title 18 U.S.C. § 1201 does not cover kidnapping by a parent of his or her own minor child. The term "parent" in this statutory exemption potentially includes "anyone who stands in a position equivalent of that of a parent." *Miller v. United States*, 123 F. 2d 715, 717 (8th Cir. 1941), *rev'd on other grounds*, 317 U.S. 192 (1942); *United States v. Brown*, 330 F. 3d 1073, 1079 (8th Cir. 2003).

There is no allegation in the Indictment as to the parent of "Jane Doe", the minor, giving consent or not giving consent or whether the defendant is a parent of "Jane Doe" or someone who "stands in a position equivalent of that of a parent." (DCD 2).

## *LEGAL ARGUMENT*

8. An "indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). "A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." Id. (emphasis added). "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and

enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997).

9. The allegations in the Indictment fail to state (1) who the parents of the minor, Jane Doe, are; (2) whether consent was given or not by a parent to the actions alleged in the Indictment; and (3) that the Defendant is or is not a parent of the minor, which by the wording of the statute if Defendant is a parent of the minor would negate culpability for the actions alleged in the Indictment.

10. Mr. Mahamed acknowledges that the Indictment includes many (but not all) of the elements of the offense charged; nonetheless, the entire Indictment remains insufficient: the Government's omissions of certain elements of the statute and pattern jury instructions in the Indictment is fatal to the charge. The Indictment also fails to state even the essential facts of the offense, the means by which Mr. Mahamed allegedly committed the offense, or an assertion that those means are unknown to the Government, as required by Fed. R. Crim. P. 7.

11. Those omissions and failures in the Indictment directly result in the Government's not having provided Mr. Mahamed with fair notice of the allegations against him. Along with the Indictment's lack of specificity, these defects in the Indictment preclude a defense of double jeopardy in the future. *See Todd*, 446 F.3d at 1067. Because the Court must determine the sufficiency of the Indictment on its face (*United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)), and a bill of particulars cannot cure a constitutionally insufficient indictment (*Russell v. United States*, 369 U.S. 749, 770

(1962)), the only remedy is a dismissal of the Indictment.

12. As an aside, it would be futile on the part of the Government to attempt to "cure" the insufficient Indictment herein, given that as of March 10, 2022, discovery constituting forensic DNA lab results have been disclosed in this case that directly establishes that Mr. Mahamed is indisputably the biological parent of the "Jane Doe" referenced in the indictment.

13. The Government's failure to allege all of the elements required by the statute and pattern jury instructions provides the basis and necessity pursuant to Fed. R. Crim. P. 12(b)(3)(B)(iii) and (v) for this Court to dismiss the Indictment for lack of specificity and/or failure to state an offense.

## *Conclusion*

WHEREFORE, Mr. Mahamed, based on the foregoing assertions and argument, prays this Court dismiss the Indictment in this case with prejudice.

Respectfully submitted,

*/s/ Ian A. Lewis*
**IAN A. LEWIS, #52819**
Assistant Federal Public Defender
901 St. Louis Street, Suite 801
Springfield, Missouri 65806
(417) 873-9022
Attorney for Defendant

July 13, 2022

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case.

/s/ Ian A. Lewis
**IAN A. LEWIS**