# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **MAHAMUD TOOXOOW MAHAMED**, <br><br> Defendant. | Case No. 19-05042-01-CR-SW-RK |

### UNITED STATES' SUGGESTIONS IN OPPOSTION TO DEFENDANT'S MOTION TO DISMISS (Doc. 28)

The United States of America, by Teresa A. Moore, United States Attorney, and the undersigned Assistant United States Attorney, for the Western District of Missouri, respectfully requests that the Court deny the "Motion to Dismiss Indictment" filed by the defendant, (Doc. 28.) The defendant moves to dismiss the Indictment (Doc. 2) pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii) and (v) for lack of specificity and a failure to state an offense. However, the sufficiency of an indictment is determined on the face of that document, and the defendant unsuccessfully utilizes facts in support of his theory of an affirmative defense to challenge the Indictment. As shown below, the sole count of the Indictment sufficiently states an offense and the defendant's motion should be denied, and for the reasons stated below, the defendant's motion should be denied.

### I. PROCEDURAL HISTORY

On August 13, 2019, the defendant was charged by complaint with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and (g). (Doc. 1.) On August 20, 2019, a grand jury seated in Springfield, Missouri, returned a one-count indictment charging the

1

defendant with kidnaping in violation of 18 U.S.C. § 1201(a)(1) and (g).  (Doc. 2.)  Specifically, the Indictment charges:

> Beginning on an unknown date, but at least as early as July 16, 2019, through August 8, 2019, said dates being approximate, in McDonald County, and elsewhere in the Western District of Missouri, MAHAMUD TOOXOOW MAHAMED, the defendant, did unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, and hold for ransom, reward, or otherwise, Jane Doe 1, who had not yet attained the age of 18 years, and in committing or in furtherance of the commission of the offense, did willfully transport Jane Doe 1 in interstate or foreign commerce from the state of Missouri to the State of Iowa, all in violation of 18 U.S.C. § 1201(a)(1) and (g).

*Id*.

On July 28, 2022, the defendant was arrested and appeared before the Court for his initial appearance.  (Doc. 5-7.)  On motion of the Government, the Court held a hearing to determine pre-trial detention for the defendant, and on August 4, 2021, the Court entered an order detaining the defendant.  (Doc. 12, 13, 15.)

On July 13, 2022, the defendant filed the instant motion under Federal Rule of Criminal Procedure 12(b)(3(B)(iii) and (v), requesting that the Court dismiss the Indictment "due to its lack of specificity and its failure to state an offense."  (Doc. 28.)  The defendant's motion specifically contends that the Indictment fails to include the "statute subsections in their entirety or with sufficient specificity [and] [t]he Indictment fails to allege all elements required by the Eighth Circuit Pattern Jury Instructions."  (Doc. 28 at 2.)  The defendant argues that the Government fails to allege lack of consent, fails to allege the lack of consent of the parents of the minor kidnapping victim, and fails to acknowledge that the offense cannot be brought against the parent of a minor victim of kidnapping.  (Doc. 28 at 2-3.)

These arguments fail as the Indictment contains a facially sufficient allegation of the violation of the statute: it contains the elements of the charged offense and informs the defendant

of the charge against which he must defend. For these reasons, the Government requests that the defendant's motion to dismiss be denied.

## II. ARGUMENT

### A. Sufficiency of an Indictment Generally.

The Fifth Amendment's guarantee of the right to indictment by a grand jury, and the Sixth Amendment's guarantee that a defendant be informed of the nature of the charges against him establish the minimum requirements for a federal criminal indictment. Those constitutional requirements are implemented in Rule 7 of the Federal Rules of Criminal Procedure, which provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Notably, the defendant does not contest that the requirements of Rule 7 are met with this Indictment. Instead, the defendant unsuccessfully attacks the Indictment under Rule 12 of the Federal Rules of Criminal Procedure.

"[R]ule 12 authorizes the district court to resolve before trial only those motions 'that the court can determine without a trial of the general issue.'" *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (quoting then Fed. R. Crim. P. 12(b)(2)). In a criminal case, the general issue is defined as evidence relevant to the question of guilt or innocence. *Id*. (internal citations omitted). A pretrial resolution of a Rule 12(b) motion to dismiss is only authorized "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Turner*, 842 F.3d 602, 604–05 (8th Cir. 2016) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)).

"In considering a motion to dismiss an indictment under Federal Rule of Criminal Procedure 12(b), the court looks at whether the indictment itself 'contains a facially sufficient

allegation of materiality,' and does not consider the sufficiency of the evidence. *United States v. Yassin*, No. 16-03024-01-CR-S-MDH, 2017 WL 1324141, at *3 (W.D. Mo. Feb. 23, 2017), *report and recommendation adopted,* No. 16-3024-01-CR-S-MDH, 2017 WL 1337438 (W.D. Mo. Apr. 6, 2017) (quoting *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001)). Indeed, the function of a motion to dismiss the indictment is to analyze the sufficiency of the indictment to charge an offense. *United States v. Sampson*, 371 U.S. 75, 83 (1962). In considering a Rule 12(b)(3) motion, the "indictment should not be read in a hyper technical fashion and should be deemed sufficient unless no reasonable construction can be said to charge the offense." *United States v. O'Hagan*, 139 F.3d 641, 651 (8th Cir. 1998) (citation and internal quotation omitted).

In reviewing the sufficiency of an indictment, a court accepts "the government's allegations as true, without reference to allegations outside the indicting document." *United States v. Farm & Home Sav. Ass'n*, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991) (citing *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 & n.16 (1952)); *see also United States v. Velastegui*, 199 F.3d 590, 592 n.2 (2d Cir. 1999) (in reviewing the sufficiency of an indictment "the facts alleged by the government must be taken as true"). There is "no equivalent in criminal procedure to the motion for summary judgment that may be made in a civil case," *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995), and "federal criminal procedure does not 'provide for pre-trial determination of sufficiency of the evidence.'" *Ferro*, 252 F.3d at 968 (quoting *United States v. Critzer*, 951 F.2d 306, 207–08 (11th Cir. 1992)). As the Eighth Circuit stated in *Ferro*:

> In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases. The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal

Rule of Criminal Procedure 29 . . . . [W]e simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be.

*Ferro*, 252 F.3d at 968 (quoting *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000)).

"An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which [s]he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." *United States v. Flute*, 929 F.3d 584, 587 (8th Cir. 2019) (quoting *United States v. Fleming* 8 F.3d 1264, 1265 (8th Cir. 1993) (internal quotations omitted); *see also United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009) (quoting *United States v. Sewell*, 513 F.3d 820, 281 (8th Cir. 2008)). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *Hayes*, 574 F.3d at 472.

"In determining whether a charged crime encompasses the conduct alleged, the court engages in statutory interpretation; the starting point in interpreting a statute is always the language of the statute itself." *Flute*, 929 F.3d 587 (quoting *United States v. Jungers*, 702 F.3d 1066, 1069 (8th Cir. 2013) (internal citations and quotations omitted.) "An indictment [that] 'tracks the statutory language' is ordinarily sufficient." *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013) (quoting *Sewell*, 513 F.3d at 821); *see also United States v. Whitlow*, 815 F.3d 430, 433 (8th Cir. 2016) ("Usually an indictment that tracks the statutory language is sufficient.").

B. **The indictment does not need to include the term "consent" and is sufficient and alleges an offense.**

Instead of contesting that the Indictment states all of the elements of the offense and otherwise complies with Rule 7, the defendant attempts argue that the Indictment lacks

5

specificity and fails to allege an offense. The offense of kidnapping is criminalized under 18 U.S.C. § 1201, which states in pertinent part:

> **(a)** Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when--
> > **(1)** the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense;
>
> […]
> shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.
> […]
> **(g) Special Rule for Certain Offenses Involving Children.--**
> > **(1) To whom applicable.**--If--
> > **(A)** the victim of an offense under this section has not attained the age of eighteen years; and
> > **(B)** the offender--
> > > **(i)** has attained such age; and
> > > **(ii)** is not--
> > > **(I)** a parent;
> > > **(II)** a grandparent;
> > > **(III)** a brother;
> > > **(IV)** a sister;
> > > **(V)** an aunt;
> > > **(VI)** an uncle; or
> > > **(VII)** an individual having legal custody of the victim;
>
> the sentence under this section for such offense shall include imprisonment for not less than 20 years.
> […]
> **(h)** As used in this section, the term "parent" does not include a person whose parental rights with respect to the victim of an offense under this section have been terminated by a final court order.

The Eighth Circuit Model Jury Instructions for the offense of kidnapping in violation of 18 U.S.C. § 1201(a) are as follows:

> The crime of kidnapping, as charged in [Count ——— of] the indictment, has [four] [five] elements, which are:

> One, the defendant, (insert name), unlawfully [seized] [confined] [kept] [detained] (insert name of person described in the indictment) without [his] [her] consent;
>
> Two, the defendant held (insert name of person described in the indictment) for [specify the defendant's intent, such as: ransom, reward, revenge, sexual gratification, or other reason];
>
> Three, the defendant voluntarily and intentionally transported4, 5 (insert name of person described in the indictment) while [he] [she] was [seized] [confined] [kept] [detained]; [and]
>
> Four, the transportation was in [interstate] [foreign] commerce[.]6 [; and]
>
> [Five, death resulted from the kidnapping.]

8th Cir. Model Jury Instruction 6.18.1201. There is no separate model instruction for kidnapping of a minor; however, the Notes on Use, note 10, states, "If the facts referenced in 18 U.S.C. § 1201(g) are alleged in the indictment (i.e., the victim is under eighteen and the offender is over eighteen but not a close relative), then the elements section of this instruction should be modified accordingly." 8th Cir. Model Jury Instruction 6.18.1201, note 10.

The defendant argues that the failure to include that the kidnapping occurred against the victim, or the victim's parents' consent, and that the charge cannot be brought against a "parent" renders the indictment insufficient and fails to state an offense. The sole count of the Indictment tracks the statutory language. The defendant is charged with the following language:

> Beginning on an unknown date, but at least as early as July 16, 2019, through August 8, 2019, said dates being approximate, in McDonald County, and elsewhere in the Western District of Missouri, MAHAMUD TOOXOOW MAHAMED, the defendant, did unlawfully and willfully seize, confine, inveigle, decoy, kidnap, abduct, and hold for ransom, reward, or otherwise, Jane Doe 1, who had not yet attained the age of 18 years, and in committing or in furtherance of the commission of the offense, did willfully transport Jane Doe 1 in interstate or foreign commerce from the state of Missouri to the State of Iowa, all in violation of 18 U.S.C. § 1201(a)(1) and (g).

(Doc. 2.)

7

The Indictment, with specificity, informs the defendant that he is being charged with kidnapping in violation of 18 U.S.C. § 1201(a)(1) and (g), the dates the violation occurred, where the violation occurred, how the kidnapping occurred, the age of the victim, that the victim was transported in interstate commerce, and where the interstate commerce transportation occurred. The Indictment does not need to identically track the model jury instructions. As noted above, if the "indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which [s]he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." *Flute*, 929 F.3d 587. The Indictment, as written, does exactly what the Court must require it to do.

Additionally, "model jury instructions are just that, models." *United States v. Wilson*, 565 F.3d 1059, 1067 (8th Cir. 2009). They are not mandatory, and their formulation is largely entrusted to the discretion of the district court. *Id*. (internal citations omitted.) However, statutory language is not, and the Indictment correctly follows the statutory language to set forth the elements of the crime. The statute carries no requirement that the kidnapping be against the "consent" of the victim or the parents of a minor victim. The statute requires the victim was "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise," which the Government has alleged. 18 U.S.C. § 1201(a).

In *United States v. Boykin*, 794 F.3d 939, 944–45 (8th Cir. 2015), a defendant unsuccessfully argued on appeal that the indictment was insufficient for a violation of 18 U.S.C. § 1201 where the indictment did not allege "for ransom, reward, or otherwise." In that case the Eighth Circuit noted,

An indictment need not use the specific words of the statute as long as by fair implication it alleges an offense recognized by law. Only when an essential element of substance rather than of form is omitted is an indictment fatally insufficient. To determine whether an essential element has been omitted, a court may not insist that a particular word or phrase appear in the indictment when the element is alleged in a form which substantially states the element. An indictment's citation to the applicable statute [is] not in itself sufficient to supply an element of a charged offense omitted by the grand jury; however, when such a citation is considered in combination with the other allegations in the indictment as a whole, [it may be] adequate under the circumstances to have charged the defendant with the offense for which he was convicted.

*Id*. (internal citations and quotations omitted.)

The Eighth Circuit noted that they had previously held that the statute only requires a victim to be unlawfully kidnapped or carried away and held for ransom or reward or otherwise, and " 'an allegation that appellant unlawfully and knowingly transported in interstate commerce the victim who had theretofore been unlawfully kidnapped and carried away by the said defendants and held is entirely adequate to withstand this motion. It is difficult to see how the addition of the words 'for ransom or reward or otherwise' would have added anything to the indictment because obviously 'otherwise' comprehends any purpose at all.' " *Id*. at 945. (quoting *Hayes* at 296 F.2d at 666.)

Similarly, here, it is unclear how the defendant finds the lack of the word "consent" to inform him of anything further as it is obvious by the allegation the act was committed by

"unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise" the victim. 18 U.S.C. 1201 (a).

For the reasons set forth above, the Government submits the Indictment is neither insufficient or fails to allege and offense, and the defendant's motion should be denied.

### C. The Court should not hold that the indictment is insufficient or otherwise fails to state an offense by failing to allege an affirmative defense.

The defendant's motion also alleges that the indictment is insufficient and fails to allege an offense because it does not state if the defendant was a parent of the victim or not; therefore, not subject to the penalties of 18 U.S.C. § 1201(a). (Doc. 28 at 2.)[1]

The defendant asserts in his motion that he is "indisputably the biological parent of the 'Jane Doe' referenced in the indictment." (Doc. 28 at 6.) If he would like to contest that charge through evidence he believes will establish he was a "parent" exempt from liability under 18 U.S.C. § 1201, he can do so at trial. There is no defect in the sole count against him by not alleging this fact. See *United States v. Brown*, 330 F.3d 1073, 1078 (8th Cir. 2003) (the defendant challenged on appeal that he qualified under the "parent" exception to § 1201(a). The Court did not find that the defendant was a "parent," and noted that "any parent-by-consent defense is obviously fact intensive" and the defendant must request a jury instruction on this issue).

Additionally, the Eighth Circuit has stated that a court should not consider the sufficiency of evidence when examining an indictment for sufficiency. *Ferro*, 252 F.3d at 968; see also *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999). The Supreme Court has specifically stated that, "[i]t has never been thought that an indictment, in order to be sufficient,

need anticipate affirmative defenses." *U. S. v. Sisson*, 399 U.S. 267, 288 (1970) (citing *United States v. Fargas*, 267 F.Supp. 452, 455 (D.C.S.D.N.Y. 1967)).

A failure to include an affirmative defense does not render an indictment insufficient or fail to allege a charge; thus, the defendant's motion should be dismissed.

**III.     CONCLUSION**

The language in the indictment sufficiently puts the defendant on notice about the nature of the charge against him, and the United States should be allowed to proceed to trial on the charge.

**WHEREFORE**, the United States respectfully requests that the Court deny the defendant's "Motion to Dismiss Indictment."

Respectfully submitted,

Teresa A. Moore
United States Attorney

By   */s/ Ami Harshad Miller*
Ami Harshad Miller
Assistant United States Attorney
Mo. Bar No. 57711
901 St. Louis Street
500 Hammons Tower
Springfield, Missouri  65806
Telephone: (417) 831-4406

---

[1] The statute also notes that the "term 'parent' does not include a person whose parental rights with respect to the victim of an offense under this section have been terminated by a final court order."  18 U.S.C. § 1201(h).

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of August, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Ami Harshad Miller*
Ami Harshad Miller
Assistant United States Attorney