IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 19-05042-01-CR-SW-RK |
| | ) | |
| MAHAMUD TOOXOOW MAHAMED, | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY TO
## GOVERNMENTS SUGGESTION IN OPPOSITION
## (DOCKET ENTRY 31)

Comes now Defendant, Mahamud Mahamed, through counsel and respectfully submits this reply to the government's suggestion in opposition to defendant's Motion to dismiss.

All previous argument previously presented by defendant in Docket Entry 28 are reasserted here.

To respond directly to the government's suggestions directly, Mr. Mahamed believes there may be some confusion regarding his point. Mr. Mahamed is not asserting that he obtained the consent of a parent so therefore his taking of the minor child was lawful because he was acting *in loco parentis*. His argument is, and has always been, that he **is** the parent of the minor child, which the government's DNA testing confirms (testing that is uncontested by either party).

Title 18 U.S.C. § 1201(g)(1)(B)(ii)(1) clearly states that this crime cannot be charged against a parent. It is uncontested that Mr. Mahamed is the biological father of the

1

minor child. This being so, Mr. Mahamed cannot be charged with kidnapping his own child.

The government may assert that no state court has recognized Mr. Mahamed as the father, or that some other man is legally the father. However, the government cannot provide any document that would show that Mr. Mahamed's parental rights have been terminated. Therefore, this is an issue of possible parental kidnapping, which has always been and should always remain, a state issue, and not an issue the federal courts have jurisdiction over.

This point could be easily missed. There are federal statutes that allow the definition of terms to be defined by the various states. For example, for 18 U.S.C. § 922 firearms offenses, 18 U.S.C. § 921(20)(B) states that what is commonly known as a felony "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."

However, there is no similar statute that allows the Court to use how the various states, or even various countries of this world, define what a parent is. One could imagine that how one country defines a mother, or a father, differs greatly than how these are defined in the United States. For this reason, Congress defined "parent" broadly. The definition and exceptions in § 1201 even includes both a parent and a legal guardian, which contemplates that a minor could have a parent who is excluded from prosecution even when there may be another person serving as legal guardian.

Yes, the definition of "parent" is broad, but the reasoning and purpose is because familial relationships are extremely complex, and usually best left to the state courts to

address the issues that are presented.

WHEREFORE, Mr. Mahamed, based on the foregoing assertions and argument, prays this Court dismiss the Indictment in this case with prejudice.

Respectfully submitted,

*/s/ Ian A. Lewis*
**IAN A. LEWIS, #52819**
Assistant Federal Public Defender
901 St. Louis Street, Suite 801
Springfield, Missouri 65806
(417) 873-9022
Attorney for Defendant

September 9, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Ian A. Lewis*
**IAN A. LEWIS**